**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**MICHAEL RUSSELL**                                                      **CIVIL ACTION**

**VERSUS**                                                                      **NO. 14-2204-SS**

**BONITA J. PITTMAN, ET AL.**


**ORDER AND REASONS**

Plaintiff, Michael Russell, a state inmate, filed this civil action pursuant to 42 U.S.C. § 1983

against Bonita J. Pittman and Sheriff Marlin N. Gusman.  In this lawsuit, plaintiff challenged the

conditions of his confinement within the Orleans Parish Prison system.[1]  All parties have consented

to the jurisdiction of the undersigned United States Magistrate Judge.[2]

The defendants have filed a motion for summary judgment pursuant to Rule 56 of the Federal

Rules of Civil Procedure.[3]  Plaintiff was ordered to file a response to that motion on or before July

15, 2015.[4]  No response has been filed.

---

[1]    At the time he filed this civil action, plaintiff was a pretrial detainee incarcerated in Orleans
Parish.  He has since been convicted and transferred to the Avoyelles Correctional Center in
Cottonport, Louisiana.

[2]    Rec. Doc. 13.

[3]    Rec. Doc. 23.

[4]    Rec. Doc. 24.

In reviewing a motion for summary judgment, the Court may grant the motion when no genuine issue of material fact exists and the mover is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  There is no "genuine issue" when the record taken as a whole could not lead a rational trier of fact to find for the nonmovant.  Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

"Procedurally, the party moving for summary judgment bears the initial burden of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact."  Taita Chemical Co., Ltd. v. Westlake Styrene Corp., 246 F.3d 377, 385 (5th Cir. 2001) (quotation marks and brackets omitted). The party opposing summary judgment must then "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"  Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986) (quoting Fed. R. Civ. P. 56); see also Provident Life and Accident Ins. Co. v. Goel, 274 F.3d 984, 991 (5th Cir. 2001).  The Court has no duty to search the record for evidence to support a party's opposition to summary judgment; rather, "[t]he party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which the evidence supports his or her claim."  Ragas v. Tennessee Gas Pipeline Co., 136 F.3d 455, 458 (5th Cir. 1998).  Conclusory statements, speculation, and unsubstantiated assertions are not competent summary judgment evidence and will not suffice to defeat a properly supported motion for summary judgment.  Id.; Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415, 1429 (5th Cir. 1996).

In the complaint, plaintiff stated his claims as follows:  "There's mildew, rust and the tier is humid.  Marlin N. Gusman ignores everything and Bonita J. Pittman does whatever to not fix the problem."[5]  He further stated:

> A. We're entitled to have only certain cleaning supplies anywhere in Orleans Parish Jails no matter the cause. ...
>
> B.  In Orleans Parish Jails theres standing water, flooded toilets and sinks, vermin infestation, and dank air violating our Eighth Amendment.[6]

In their motion, the defendants argue, *inter alia*, that plaintiff's allegations, even if true, do not rise to the level of constitutional violations.  The defendants are correct.[7]

It is clear that "the Fourteenth Amendment prohibits the imposition of conditions of confinement on pretrial detainees that constitute punishment."  Collins v. Ainsworth, 382 F.3d 529, 540 (5th Cir. 2004) (internal quotation marks omitted).  Nevertheless, the jurisprudence recognizes that the judiciary is ill equipped to micro-manage a jail's day-to-day operations, and federal courts are therefore loath to intervene when detainees complain of trivial inconveniences.  Further, such judicial restraint is appropriate because the federal constitution simply is not concerned with a *de minimis* level of imposition on pretrial detainees.  Bell v. Wolfish, 441 U.S. 520, 539 n.21 (1979); Ruiz v. El Paso Processing Center, 299 Fed. App'x 369, 371 (5th Cir. 2008); Maddox v. Gusman, Civ. Action No. 14-2435, 2015 WL 1274081, at *3 (E.D. La. Mar. 19, 2015).  For the following

---

[5]   Rec. Doc. 1, p. 4.

[6]   Rec. Doc. 1, p. 7.

[7]   Because this argument has merit, the Court need not, and does not, address the alternative arguments advanced by the defendants in their motion.

reasons, it is apparent that plaintiff's complaints concern nothing more than *de minimis* inconveniences which do not constitute "punishment" or otherwise rise to the level of constitutional violations.

Obviously, there is a point beyond which a prison's conditions are so unsanitary as to render them unconstitutional. See, e.g., Gates v. Cook, 376 F.3d 323, 338 (5th Cir. 2004) (confinement in "'extremely filthy' [cells] with crusted fecal matter, urine, dried ejaculate, peeling and chipping paint, and old food particles on the walls" was unconstitutional). That said, it must be remembered that, although prisons should be reasonably clean, "[t]he Constitution does not require that prisons be completely sanitized or as clean or free from potential hazards as one's home might be." McAllister v. Strain, Civ. Action No. 09-2823, 2009 WL 5178316, at *3 (E.D. La. Dec. 23, 2009); accord Talib v. Gilley, 138 F.3d 211, 215 (5th Cir. 1998) ("[T]he Constitution does not mandate prisons with comfortable surroundings or commodious conditions."). Therefore, the fact that mildew and rust are present does not warrant relief. See, e.g., Simmons v. Gusman, Civ. Action No. 14-1907, 2015 WL 151113, at *4 (E.D. La. Jan. 12, 2015); Penn v. Jones, Civ. Action No. 13-0830, 2014 WL 31351, at *2 (W.D. La. Jan. 2, 2014);  Mitchell v. Jefferson Parish Correctional Center, Civ. Action No. 13-4963, 2013 WL 6002770, at *6 (E.D. La. Nov. 12, 2013); Jones v. Catahoula Parish, No. 11-CV-861, 2012 WL 704105, at *5-6 (W.D. La. Jan. 18, 2012), adopted, 2012 WL 696268 (W.D. La. Feb. 29, 2012); Sneeze v. Terrebonne Parish Sheriff's Office, Civ. Action No. 11-987, 2011 WL 2413464, at *3 (E.D. La. May 9, 2011), adopted, 2011 WL 2311867 (E.D. La. June 10, 2011); Carter v. Strain, Civ. Action No. 09-15, 2009 WL 3231826, at *3 (E.D. La. Oct. 1, 2009); McCarty v. McGee, No. 2:06cv113, 2008 WL 341643, at *3 (S.D. Miss. Feb. 5, 2008).

Plaintiff's related claim challenging the limited array of available cleaning products fares no better.  In support of their motion, the defendants provided the affidavit of Carlos Louque, the warden of the Conchetta facility where plaintiff was incarcerated within the Orleans Parish Prison system, who stated in pertinent part:

> 4.    Beginning in July 2012, it was the standing practice for deputies to provide inmates access to cleaning supplies at least once, and up to three times, a day after meals, and that remains the present practice.
>
> 5.    The cleaning products provided after every meal consist of all of the following:  approximately ½ cup of bleach, Terminator, Scavenger, and Mildew cleaner, as well as one squirt bottle of Sani Scrub.
>
> 6.    In addition to cleaning products, the inmates in the Conchetta facility are also provided a mop, bucket, broom, and mop wringer at least once, and up to three times, a day after meals.
>
> 7.    At lest [sic] twice a week deputies provide inmates with Brillo pads an [sic] a shower brush.[8]

Although plaintiff is obviously of the opinion that other products should made be available, that is of no moment.  It is clear that "[p]risoners simply are not entitled to the cleaning supplies of their choice." Thomas v. Gusman, Civ. Action No. 11-1424, 2012 WL 607970, at *4 (E.D. La. Jan. 27, 2012), adopted, 2012 WL 607698 (E.D. La. Feb. 24, 2012); see also Simmons v. Gusman, Civ. Action No. 14-1907, 2015 WL 151113, at *5 (E.D. La. Jan. 12, 2015); accord Tallmore v. Hebert, Civ. Action No. 07-1220, 2008 WL 2597939, at *3 (W.D. La. May 28, 2008) ("There is simply no constitutional requirement that any specific type of disinfectant be used by prison officials.") (adopted by Doherty, J., on June 26, 2008); Ellis v. Crowe, Civ. Action No. 09-3061, 2010 WL

---

[8]    Rec. Doc. 23-6, p. 1.

724158, at * 16 (E.D. La. Feb. 19, 2010) (rejecting a prisoner's claim that the cleaning supplies provided were not "the right stuff").

Plaintiff's allegation of "dank air" at the Orleans Parish Prison also fails to state a constitutional violation.  See, e.g., McKinney v. Gusman, Civ. Action No. 14-2988, 2015 WL 2341719, at *3 (E.D. La. May 13, 2015); White v. Gusman, Civ. Action No. 14-2131, 2014 WL 6065617 (E.D. La. Nov. 12, 2014).

The same is true of his allegation that vermin are present.  See, e.g., McKinney, 2015 WL 2341719, at *3; Harrison v. Cox, Civ. Action No. 12-cv-1813, 2013 WL 620799, at *5 (W.D. La. Jan. 16, 2013), adopted, 2013 WL 622399 (W.D. La. Feb. 15, 2013); Clark v. Gusman, Civ. Action No. 11-2673, 2012 WL 1825306, at *5 (E.D. La. Mar. 29, 2012), adopted, 2012 WL 1825302 (E.D. La. May 18, 2012).

The same is likewise true of plaintiff's allegations concerning the plumbing problems.  The Constitution simply does not protect inmates from "life's occasional inconveniences" of that type. See Holloway v. Gunnell, 685 F.2d 150, 156 (5th Cir. 1982).  As a result, "[l]leaky toilets and puddles are unpleasant but not unconstitutional."  Smith v. Melvin, No. 95-2531, 1996 WL 467658, at *2 (7th Cir. July 26, 1996); accord McKinney, 2015 WL 2341719, at *3; Davis v. St. Charles Parish Correctional Center, Civ. Action No. 10-98, 2010 WL 890980, at *9 (E.D. La. Mar. 8, 2010); Wilkerson v. Champagne, Civ. Action No. 03-1754, 2003 WL 22872106, at *3 (E.D. La. Nov. 28, 2003).

In summary, the Court notes that it is not unsympathetic to plaintiff's various complaints concerning the conditions of his confinement.  On the contrary, the Court has no doubt that the

6

conditions within the Orleans Parish Prison system were uncomfortable and unpleasant.  However,

for the reasons explained herein, that  simply is not test – the only issue before the Court is whether

the conditions were *unconstitutional*.  The conditions alleged in this case, while lamentable, were

not unconstitutional.

Accordingly,

**IT IS ORDERED** that the defendants' unopposed motion for summary judgment, Rec. Doc.

23, is **GRANTED** and that plaintiff's claims are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this twenty-second day of July, 2015.

**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

7